UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES RONALD MCKINNEY, | ) |
| | ) CASE NO. C10-1863-RSM |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| PATRICK GLEBE | ) |
| | ) |
| Defendants. | ) |
| | ) |

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Charles Ronald McKinney proceeds pro se in this 28 U.S.C. § 2254 habeas action. He is in custody pursuant to a 2008 conviction by guilty plea on three counts of first degree theft. In a judgment and sentence filed on November 10, 2008, King County Superior Court imposed a total sentence of 264 months of confinement. (Dkt. 7, Ex. 3.)

Petitioner raised three grounds for relief in his habeas petition. (Dkt. 1.) A review of those grounds revealed that petitioner also appeared to attack two other King County Superior Court judgments: a June 19, 1991 conviction by guilty plea on seven counts of robbery in the second degree, and an August 18, 1995 conviction by guilty plea on five counts of robbery in

REPORT AND RECOMMENDATION
PAGE -1

the second degree. (*Id.* at 7-8 and Dkt. 7, Exs. 1 & 2.) The state court had imposed sentences in those cases of 63 months and 192 months respectively. (Dkt. 7, Exs. 1 & 2.)

Respondent filed a motion to dismiss in lieu of an answer, arguing the habeas petition is untimely under the federal statute of limitations, 28 U.S.C. § 2254(d). (Dkts. 7 & 8.) Petitioner filed both a response to the motion to dismiss and a motion to withdraw his petition without prejudice. (Dkts. 10 & 11.) Petitioner concedes that any attack on his 1991 and 1995 convictions is time-barred. (Dkt. 10 at 3.)[1] He maintains, however, that an attack on his 2008 conviction would not be barred, and requests that he be allowed to withdraw his petition in order to properly exhaust his claims in state court and to avoid a future bar in this Court as a successive petition under 28 U.S.C. § 2244(b). Respondent opposes the motion to withdraw. (Dkt. 12.) (*See also* Dkt. 13 (petitioner's reply).)

The Court has reviewed the record in its entirety. For the reasons discussed below, the Court agrees with respondent that this action is time-barred, and recommends that petitioner's motion to withdraw and the habeas petition be denied, and this action dismissed.

As noted above, King County Superior Court entered its judgment on November 10, 2008. (Dkt. 7, Ex. 3 at 1.) Petitioner did not file an appeal. On December 21, 2009, petitioner filed a personal restraint petition in the Washington Court of Appeals challenging all three of his convictions. (Dkt. 8, Ex. 13.) The Court of Appeals, on January 15, 2010, issued

---

1 Given this concession, the Court does not outline in detail all of the facts supporting the time bar, which respondent correctly describes in the motion to dismiss. (Dkt. 7 at 2-8 (petitioner's one-year time period for filing a habeas petition challenging his 1991 conviction expired on April 23, 1997; petitioner's one-year time period for filing a habeas petition challenging his 1991 conviction expired on April 23, 1997; petitioner's one-year time period for filing a habeas petition challenging his 1995 conviction expired in or around May 1998); *id*., Ex. 4 and Dkt. 8, Exs. 5-12 (relevant portions of state court record).)

REPORT AND RECOMMENDATION
PAGE -2

an order dismissing the petition as time-barred pursuant to RCW 10.73.090.  (Id., Ex. 14.)[2] Petitioner thereafter filed two identical motions for discretionary review in the Washington Supreme Court.  (Id., Exs. 15 & 16.)   The Commissioner of the Supreme Court denied review on July 12, 2010.  (Id., Ex. 17.)  Petitioner filed a motion to modify the Commissioner's ruling, as well as a supplemental motion in support.  (Id., Exs. 18 & 19.)   The Supreme Court denied the motions and, on November 3, 2010, the Court of Appeals issued a certificate of finality.  (Id., Exs. 20 & 21.)  Petitioner submitted a habeas petition to this Court dated November 9, 2010.  (Dkt. 1 at 15.)

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to § 2254 habeas actions.   That period of limitation commences as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] In Washington: "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction."RCW 10.73.090(1).

§ 2244(d).

Petitioner asserts that his statute of limitations commenced pursuant to § 2244(d)(1)(B). (Dkt. 1 at 14.) However, because he fails to identify a governmental impediment allegedly removed, petitioner fails to demonstrate the applicability of that provision. Nor does petitioner set forth any basis for the application of either § 2244(d)(1)(C) or (D) to his case. Accordingly, the statute of limitations began to run on the date on which the judgment became final through the conclusion of direct review or the expiration of time for seeking direct review. § 2244(d)(1)(A).

In Washington, a notice of appeal must be filed within thirty days after the entry of the decision of the trial court. Wash. RAP 5.2(a). The end of this thirty day period marks the expiration of the time for seeking review pursuant to § 2244(d)(1)(A). Here, because petitioner did not appeal the November 10, 2008 judgment, his conviction became final thirty days later, on December 10, 2008. His one-year statute of limitations under § 2244(d)(1) began to run the following day, on December 11, 2008, see *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002), and expired one year later, on December 10, 2009.

The one-year limitations period for filing a § 2254 action is tolled for any "properly filed" collateral state challenge to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). Petitioner filed his collateral challenge on December 21, 2009, after the expiration of his federal statute of limitations. Moreover, because that petition was deemed time-barred under RCW 10.73.090, it was not properly filed and, therefore, could not toll the statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as

untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *accord Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005). Petitioner's federal statute of limitations ran for some twenty-three months, from December 11, 2008 until November 9, 2010, when he filed his habeas petition.

The statute of limitations is also subject to equitable tolling. *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003). The Ninth Circuit has made clear that equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Id.* (internal quotation marks and quoted source omitted). In other words, equitable tolling may be appropriate when external forces, rather than petitioner's lack of diligence, prevent timely filing. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Petitioner sets forth no grounds for equitable tolling. Nor does the Court find any extraordinary circumstances beyond petitioner's control inhibiting his ability to timely pursue his claims and entitling him to the equitable tolling of the federal statute of limitations. Because petitioner filed his petition outside of the § 2254 statute of limitations period, and because petitioner has not demonstrated that he is entitled to either statutory or equitable tolling of the limitations period, his petition is time-barred.

There is no basis for granting petitioner's request to withdraw his petition. Any subsequent petition filed with this Court would also be time-barred. Moreover, any attempt to collaterally attack his sentence in state court would likely be futile, as such an attack would be time-barred under RCW 10.73.090 and/or procedurally barred as a successive collateral attack

REPORT AND RECOMMENDATION
PAGE -5

01 under RCW 10.73.140.

02     Given the above, the Court recommends that petitioner's motion to withdraw (Dkt. 11) 03 be DENIED and his federal habeas petition DENIED and this case DISMISSED, without an 04 evidentiary hearing and with prejudice, pursuant to § 2244(d).  Additionally, because 05 petitioner has not made "a substantial showing of the denial of a constitutional right[]" 28 06 U.S.C. § 2253(c)(2), the Court concludes that he is not entitled to a certificate of appealability 07 with respect to his claims. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (a petitioner 08 satisfies this standard "by demonstrating that jurists of reason could disagree with the district 09 court's resolution of his constitutional claims or that jurists could conclude the issues presented 10 are adequate to deserve encouragement to proceed further.")   A proposed order accompanies 11 this Report and Recommendation.

12     DATED this 21st day of March, 2011.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -6